OPINION
{¶ 1} This timely matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Robert Wright, appeals the decision of the East Liverpool Municipal Court, Columbiana County, Ohio, finding him guilty of one count of driving under suspension and sentencing him to 60 days in jail.
 {¶ 2} With this appeal, Wright claims that he was deprived of the right to counsel based on the trial court's failure to properly inquire into whether he knowingly, intelligently, and voluntarily asserted his right to self-representation. Wright additionally claims that his no contest plea was invalid because the State did not present an explanation of circumstances. We agree. Wright did not validly waive his right to counsel as he was never warned by the trial court regarding the dangers of self representation, nor was he instructed as to the possible defenses of mitigation of the charges against him. In addition, his claim that there was no proper explanation of circumstances has merit requiring the reversal of his conviction and remand for further proceedings.
 {¶ 3} Wright was charged with driving under suspension in violation of R.C. 4510.16, a misdemeanor of the fifth degree, fifth offense. This offense carried a potential maximum penalty of six months in jail, one thousand dollar fine, driver's license suspension of up to one year and six points on the offender's driver's license. On March 28, 2006, Wright appeared before the trial court and pled no contest to the single charge. The trial court found Wright guilty and fined him five hundred dollars, plus court costs, and sentenced him to one hundred and eighty days with one hundred and twenty suspended and sixty imposed at the Minimum Security Misdemeanant Jail. Additionally, the trial court placed Wright on probation for three years.
 {¶ 4} As his first and second assignments of error, which will be addressed together as they encompass the same facts and law, Wright claims:
 {¶ 5} "The Appellant was deprived of his right to counsel under theSixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution when the trial court failed to properly inquire into whether he knowingly, intelligently, and voluntarily waived his right to counsel and whether he knowingly, intelligently, and voluntarily asserted his right to self-representation." *Page 2 
 {¶ 6} "The trial court erred by sentencing the defendant to jail without counsel or a valid waiver in violation of appellant's rights provided by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 7} More specifically, Wright claims that, while the trial court did inform him of the possible range of punishment, it failed to inform him of any possible defenses or mitigations of the charges. Further, Wright claims that the trial court did not determine whether Wright was aware of the disadvantages or dangers inherent in self representation.
 {¶ 8} The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides criminal defendants with the fundamental right to counsel. SeeGideon v. Wainwright (1963), 372 U.S. 335, 83 S.Ct. 792. A defendant, however, may waive this right where his waiver is made knowingly, voluntarily, and intelligently. State v. Gibson (1976),45 Ohio St.2d 366, 377-378, 345 N.E.2d 399, citing Faretta v. California (1975),422 U.S. 806, 95 S.Ct. 2525. See, also, Crim.R. 44.
 {¶ 9} "In order to establish an effective waiver of [the] right to counsel, the trial court must make sufficient inquiry [of the defendant] to determine whether the defendant fully understands and intelligently relinquishes that right." Gibson, at paragraph two of the syllabus.
 {¶ 10} In verifying that a defendant's waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court should determine whether the defendant was advised of the dangers and disadvantages of self representation. See Gibson, at 377. See, also,Faretta, at 835; State v. Weiss (1993), 92 Ohio App.3d 681, 686,637 N.E.2d 47. The trial court should also consider whether the defendant was advised of the nature of the charges and the range of allowable punishments, and, in addition, may consider whether the trial court advised the defendant of the possible defenses to the charges and applicable mitigating circumstances. See Gibson, 45 at 377, citingVon Moltke v. Gillies (1948), 332 U.S. 708, 724, 68 S.Ct. 316. A court may also consider various other factors, *Page 3 
including the defendant's age, education, and legal experience.State v. Doane (1990), 69 Ohio App.3d 638, 647, 591 N.E.2d 735.
 {¶ 11} In this case, the following exchange took place between the trial court and Wright:
 {¶ 12} Court: "Now on the fifth offense, Driving under Suspension, maximum penalty of up to six months in jail, thousand dollar fine, driver's license suspension of up to one year, six points on your license.
 {¶ 13} "Are you going to hire, pay and choose your own attorney; are you requesting a court appointed attorney? When last here you were going to hire your own attorney?
 {¶ 14} "What's the status with you hiring your own attorney?"
 {¶ 15} Wright: "Uh, he advised me to just come in and make a plea today, and get it over with."
 {¶ 16} Court: "Then you are going to be waiving your right to an attorney; a court appointed attorney; is that correct?"
 {¶ 17} Wright: "Yes, ma'am."
 {¶ 18} Court: "And you understand that you will be — if you enter a plea of guilty or no contest, you'll be found by the Court, and sentenced as such?"
 {¶ 19} Wright: "Yes, ma'am."
 {¶ 20} Court: "Do you understand — it's Your Honor."
 {¶ 21} Wright: "Yes ma'am — yes, Your Honor, I'm sorry."
 {¶ 22} Court: Okay. "This is a fifth offense.
 {¶ 23} "You would be waiving your right to trial, and jury trial, right to an attorney, right to a court appointed attorney."
 {¶ 24} Wright: "Yes, Your Honor"
 {¶ 25} Court: "You'd be making an omission(sic), either through no contest, or making a finding of guilty, I would find you guilty, Mr. Wright, and then I would decide that punishment to give you for driving under suspension."
 {¶ 26} Wright: "Yes, Your Honor." *Page 4 
 {¶ 27} Court: "Do you understand?"
 {¶ 28} Wright: "Yes, Your Honor."
 {¶ 29} Court: "You can waive your rights, and I'll accept your plea."
 {¶ 30} Wright: "I waive my rights, Your Honor."
 {¶ 31} Court: "Yes, we're going to get it in writing, on the record, in open court. I'll be with you in just one moment." Tr. pp. 4-5.
 {¶ 32} At which time the trial court returned with a written waiver form which Wright signed. Although the trial court did discuss the nature of the charges and the range of allowable punishments with Wright, the trial court failed to warn of the dangers and disadvantages of self representation. The trial court likewise failed to advise Wright of the possible defenses to the charges and applicable mitigating circumstances.
 {¶ 33} The State argues that the fact that Wright claimed that he had spoken with an attorney who counseled him to make a plea would have an effect on whether he actually was unrepresented, which could potentially moot this claim. However, the Ohio Supreme Court's holding in State v.Martin (2004), 103 Ohio St.3d 385, 816 N.E.2d 227, suggests that the same analysis applies when a defendant elects to represent himself even when that counsel is retained, paid and present.
 {¶ 34} In Martin, the state argued that a criminal defendant'sSixth Amendment right to counsel was not violated when he received "hybrid" representation. In affirming the reversal of the conviction, the court explained that "hybrid" representation occurred when "the defendant and counsel act as co-counsel, sharing responsibilities in preparing and conducting trial." Id. at 390, 816 N.E.2d 227. The court held that providing a criminal defendant with hybrid representation does not fulfill the requirements of the Sixth Amendment. A criminal defendant has either a right to representation by counsel or a right to proceed pro se with the assistance of standby counsel. Id. at 391,816 N.E.2d 227. Here, Wright was provided with even less assistance than the "hybrid" representation described in Martin. Thus, we are not persuaded by the State's claim that he was represented based upon advice received outside of the courtroom.
 {¶ 35} Finally, the State claims that the fact that the trial court did not discuss *Page 5 
possible defenses or mitigation with Wright, these are not mandatory prerequisites. In State v. Glasure (1999), 132 Ohio App.3d 227, this court found that the defendant was denied his right to counsel. In so holding, we stated that a trial court must be satisfied that the defendant has made an intelligent and voluntary waiver and further, that the defendant is aware of the dangers inherent in self-representation. This court stated:
 {¶ 36} "`To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.' * * *
 {¶ 37} "It has been stated that `[s]uch an inquiry must be made, even when the defendant is seemingly engaging in delay tactics, because such a delaying strategy by the defendant is often employed where the defendant does not understand the crucial role of counsel in criminal cases.' * * *. However, if the defendant continues with his `cat and mouse' game with the court, the court is entitled to proceed to trial with the knowledge that the defendant knows the gravity of his decision to proceed pro se. * * *." (Additional citations omitted).Glasure at 235.
 {¶ 38} This court has continued to apply its holding inGlasure. See State v. Hayes (Aug. 14, 2000) No. 98 CA130; State v.Kyser (Aug. 10, 2000) 7th Dist. No. 98 CA 144; State v. Dobrovich (Aug. 31, 2005), 7th Dist. No. 04 BE 56. The State provides no good argument as to why this court should change the law that's been well established in this district. Accordingly, Wright's first and second assignments of error are meritorious.
 {¶ 39} As his third and final assignment of error, Wright claims:
 {¶ 40} "Appellant's no contest plea was invalid because the state did not comply with R.C. 2937.07."
 {¶ 41} R.C. 2937.07 states in pertinent part:
 {¶ 42} "If the plea be `no contest' or words of similar import in pleading to a *Page 6 
misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly."
 {¶ 43} In Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 151, the Ohio Supreme Court held that R.C. 2937.07 confers a substantive right, and, therefore, a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances. Subsequently, the Ohio Supreme Court held that "the unambiguous language of R.C. 2937.07
clearly states that in the case of a no contest plea to a misdemeanor offense, a court may make its finding from the explanation of the circumstances by the state." State v. Waddell (1995), 71 Ohio St.3d 630,631. The holding in Waddell does not mandate that the trial court read into the record its reasoning for finding the defendant guilty; rather, the record must reveal an explanation of the circumstances by the State. See State v. Murphy (1996), 116 Ohio App.3d 41, 45. It cannot be presumed from a silent record that the trial court complied with the requirements of R.C. 2937.07. State v. Schniable (Apr. 9, 1997), 7th Dist. No. 95-CO-60. See, also, Bowers, at 151. Where the record indicates that none of the essential elements of the offense were set forth, the defendant was improperly convicted. Id.
 {¶ 44} Here, the State argues that the trial court did place an explanation of circumstances on the record based upon the trial court's statement that she had reviewed the LEADS printout. The State then argues that the printout verifies that Wright's license was under multiple suspensions and that Wright was operating a vehicle in Ohio under these suspensions. However, the information regarding the LEADS printout was never read into the record by either the trial court or the State. Accordingly, the trial court erred by finding Wright guilty without the proper explanation of circumstances. Wright's third assignment of error is also meritorious.
 {¶ 45} For all of the foregoing reasons, Wright's plea is vacated and this matter is remanded to the trial court for further proceedings.
 Donofrio, J., Vukovich, J., concurs. *Page 1