[Cite as *State v. Vittorio*, 2011-Ohio-1657.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 09 MA 166 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| MELISSA VITTORIO, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Youngstown
Municipal Court,
Case No. 09 CRB 1829.

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Joseph Macejko
City Prosecutor
Attorney Bret Hartup
Assistant City Prosecutor
26 S. Phelps Street, 4th Floor
Youngstown, OH 44503


For Defendant-Appellant:      Attorney Mark Verkhlin
839 Southwestern Run
Youngstown, OH 44514


JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich


Dated: March 22, 2011


DeGenaro, J.

{¶1} Appellant, Melissa Vittorio, appeals the September 24, 2009 decision of the Youngstown Municipal Court, accepting her plea of no contest, finding her guilty of violating a protection order and possession of marijuana, and imposing a sentence of 30 days in jail, in addition to other sanctions.

{¶2} On appeal, Vittorio argues that there was no explanation of the circumstances of Vittorio's offenses, and that the trial court's immediate finding of guilt therefore violated R.C. 2937.07. Vittorio further argues that the trial court failed to consider any of the factors of R.C. 2929.22 in its sentencing decision. Regarding the guilt determination, Vittorio's "stipulation to a finding of guilt" constituted a waiver of the R.C. 2937.07 requirements. Regarding the sentencing determination, the trial court's consideration of the pre-sentence investigation report, and the presumption that the trial court considered the factors in R.C. 2929.22, adequately supported the trial court's decision. Accordingly, the trial court's decision is affirmed.

## Facts and Procedural History

{¶3} On July 31, 2009, Melissa Vittorio was charged with violating a protection order and possession of marijuana, both first-degree misdemeanors. Vittorio entered a plea of not guilty, and was released on bond.

{¶4} At an August 21, 2009 change of plea hearing, Vittorio changed her plea of not guilty to a plea of no contest. Based on the plea negotiations for the violation of protection order charge, the State recommended a sentence of one year community control, restitution, and no contact with the victim. Based on the plea negotiations for the marijuana possession charge, the State moved to amend the charge from a first degree misdemeanor to a minor misdemeanor. The State gave no sentencing recommendation for the possession charge. Defense counsel agreed that the State's recitation of the charges and plea was correct, that Vittorio would plead no contest with a stipulation to a finding of guilt, and requested that the trial court immediately proceed to sentencing.

{¶5} The trial court granted the State's motion to amend the marijuana possession charge, then entered into a colloquy with Vittorio regarding her no contest plea, after which the trial court immediately made a finding of guilt:

{¶6} "THE COURT: Melissa Vittorio, I see here you intend to enter a plea of no contest to the amended charge and change your plea of not guilty to no contest to the violation of protection order charge. I need to make you aware that a no contest plea stipulates that the Court may make a finding of guilty or not guilty based on the facts presented or a stipulation and the probabilities are that you are going to be found guilty. So your pleas to these two matters is what?

{¶7} "MS. VITTORIO: No contest.

{¶8} "THE COURT: Very well. Further, I need to make you aware that by entering a plea of no contest to these charges that you waive certain legal rights. You waive your right to have a trial, a jury trial, to confront your accuser, ask questions and cross examine any and all witnesses the State would bring forward to testify against you at trial, your right to subpoena witnesses to come and testify on your behalf, remain silent, raise any and all defenses you may have, testify at your own trial among other constitutional and statutory rights, including your right to appeal. Do you understand that you would be waiving those rights?

{¶9} "MS. VITTORIO: Yes, sir.

{¶10} "THE COURT: Very well. There is a finding of guilt as to each. Counsel, I am going to order a presentence investigation and set this matter for sentencing. And the bond will be continued."

{¶11} The sentencing hearing was held on September 24, 2009, at which the trial court stated it had considered Vittorio's pre-sentence investigation report, and then heard argument from defense counsel, and offered Vittorio the opportunity to address the court. The trial court then explained Vittorio's sentence: "You have several things going on here and I intend to address them. The first one is when the Court says not to do something and you are ordered not to do something the Court means it and you had a protection order. I am imposing 30 days in jail for that." The trial court further ordered no contact with the victim, 60 days of electronic monitoring, fines and costs. This Court granted Vittorio's motion to stay her jail term, pending this appeal.

**R.C. 2937.07 Explanation of Circumstances**

{¶12} In her first of two assignments of error, Vittorio asserts:

{¶13} "The Trial Court committed reversible error when it found Appellant guilty of the offenses of which she was charged after a plea of no contest without an explanation of the circumstances surrounding the finding of guilt pursuant to R.C. 2937.07."

{¶14} The version of R.C. 2937.07 in effect at the time of Vittorio's plea states, in pertinent part:

{¶15} "Upon receiving a plea of guilty, the court or magistrate shall call for an explanation of the circumstances of the offense from the affiant or complainant * * *. After hearing the explanation of circumstances, together with any statement of the accused, the court or magistrate shall proceed to pronounce the sentence or shall continue the matter for the purpose of imposing the sentence.

{¶16} "A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of "no contest" or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding."

{¶17} The Ohio Supreme Court has held that R.C. 2937.07 confers a substantive right, and, therefore, a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances. *Cuyahoga Falls v. Bowers* (1984), 9 Ohio St.3d 148, 151, 9 OBR 438, 459 N.E.2d 532. The right to an explanation of circumstances is not abrogated by Crim.R. 11. Id. at 150. The requirements of R.C. 2937.07 are mandatory, and it cannot be presumed from a silent record that a trial court complied with the statute. *State v. Malek*, 7th Dist. No. 02 CA 97, 2002-Ohio-6431, at ¶20. "Where the record indicates that none of the essential elements of the offense were set forth, the defendant was improperly convicted." *State v. Wright*, 7th Dist. No. 06 CO 21, 2007-Ohio-4978, at ¶43. Although R.C. 2937.07 is mandatory, a defendant could invite noncompliance with the statute or waive its requirements. *State v. Howell*, 7th Dist. No. 04 MA 31, 2005-Ohio-

2927, at ¶20, citing *N. Ridgeville v. Roth,* 9th Dist. No. 03CA008396, 2004-Ohio-4447, at ¶12.

**{¶18}** In *Howell*, the defendant argued, as Vittorio does here, that the trial court erred in making a finding of guilt without an explanation of circumstances after accepting the defendant's no contest plea. The following transpired at the hearing in *Howell*: " the prosecutor stated that, as part of the plea agreement, Howell "waive[d] presentation of evidence and stipulate[d] to a finding of guilt." Howell's attorney agreed that the prosecutor's recitation of the plea agreement was correct. Thus, the prosecutor did not provide an explanation of circumstances because Howell waived his right to an explanation of circumstances." *Howell* at ¶20.

**{¶19}** The following transpired at Vittorio's plea withdrawal hearing:

**{¶20}** THE STATE: "In regards to the Case 09 CRB 1835 it is my understanding Miss Vittorio will withdraw her former plea of not guilty and enter a plea of no contest to violating a protection order. Based upon the stipulation to a finding of guilt the state will recommend one year community control * * *. Further, in Case 09 CRB 1829 it is my understanding Miss Vittorio with counsel will withdraw her former plea of not guilty and enter a plea of no contest to the amended charge. The State moves to amend the first degree misdemeanor to that of a minor misdemeanor * * *. That plea is based upon a stipulation to a finding of guilt * * *."

**{¶21}** DEFENSE COUNSEL: "The State of Ohio's recitation of the facts of this case are, in fact, accurate. At this time Miss Vittorio will be withdrawing her former plea of not guilty and entering pleas of no contest *** We would waive any defects in the preparation and service of the amended complaint stipulate to a finding of guilt."

**{¶22}** As in *Howell*, Vittorio, with counsel, entered a stipulation of guilt, thereby waiving the requirement. Accordingly, Vittorio's first assignment of error is meritless.

### R.C. 2929.22 Consideration of Sentencing Factors

**{¶23}** In her second assignment of error, Vittorio asserts:

**{¶24}** "The Trial Court committed reversible error when it sentenced Defendant-Appellant, Melissa Vittorio to serve a sentence of thirty (30) days of incarceration and

sixty (60) days of electronically monitored house arrest for a violating [sic] the terms of his [sic] community control without considering the purposes of misdemeanor sentencing pursuant to R.C. 2929.22."

**{¶25}** A trial court must consider the criteria of R.C. 2929.22 and the principles of R.C. 2929.21 before imposing a misdemeanor sentence. *State v. Crable,* 7th Dist. No. 04 BE 17, 2004-Ohio-6812, at ¶24. R.C. 2929.22(A) instructs the trial court to use its discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in R.C. 2929.21, without placing an unnecessary burden on local government resources. R.C. 2929.22(B) sets forth specific factors for the trial court to consider before imposing a sentence, including the nature and circumstances of the offense, the offender's history of criminal conduct, the victim's circumstances, and the likelihood that the offender will commit future crimes.

**{¶26}** However, the trial court is not required to state on the record its consideration of sentencing factors when determining a misdemeanor sentence. Id. When a misdemeanor sentence is within the statutory range, "a reviewing court will presume that the trial judge followed the standards in R.C. 2929.22, absent a showing to the contrary." *State v. Reynolds,* 7th Dist. No. 08-JE-9, 2009-Ohio-935, at ¶21, citing *Crable* at ¶24. A silent record creates a rebuttable presumption that the sentencing court considered the statutory sentencing criteria. *State v. Best,* 7th Dist. No. 08 MA 260, 2009-Ohio-6806, at ¶14. An appellate court reviews a misdemeanor sentence for abuse of discretion. *Reynolds* at ¶9. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

**{¶27}** Vittorio was convicted of Violating Protection Order, a first degree misdemeanor violation of R.C. 2919.27, and Possession of Marijuana, a minor misdemeanor violation of R.C. 2925.11(A)(C)(3)(a). A misdemeanor of the first degree carries a maximum sentence of one hundred and eighty days. R.C. 2929.24(A)(1). The trial court imposed a thirty day sentence for Vittorio's first degree misdemeanor sentence, thus well within the statutory range.

{¶28} Vittorio does not provide any examples to rebut the presumption that the trial court considered the requisite criteria of R.C. 2929.22, and merely relies on the "silent record" argument to support her claim. However, the record is not completely silent, as the trial court stated during Vittorio's sentencing hearing that it had considered Vittorio's pre-sentence investigation report.

{¶29} The report included a number of aggravating factors that the trial court would have considered, which further indicates that the trial court acted within its discretion. See *City of Youngstown v. Cohen,* 7th Dist. No. 07-MA-16, 2008-Ohio-1191, at ¶84. There is nothing apparent in the record indicating that the trial court failed to consider the criteria of R.C. 2929.22, and therefore the trial court's sentencing decision was not an abuse of discretion. Given the foregoing, Vittorio's second assignment of error is meritless.

{¶30} Vittorio's "stipulation to a finding of guilt" constituted a waiver of the R.C. 2937.07 requirements. Thus, the trial court did not commit reversible error when it failed to recite into the record the explanation of circumstances regarding the elements of the misdemeanor offenses to which Vittorio pleaded no contest. The trial court did not abuse its discretion in sentencing Vittorio. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Vukovich, J., concurs.