[Cite as *State v. Davis*, 2011-Ohio-3184.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-98 |
| | ) | |
| TONY DAVIS, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Youngstown Municipal Court of Mahoning County, Ohio
Case No. 09TRD3359

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee     No brief filed

For Defendant-Appellant     Attorney Robert Rohrbaugh II
4800 Market Street
Suite A
Boardman, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: June 17, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Tony Davis, appeals from a Youngstown Municipal Court judgment convicting him of operating a motor vehicle without a valid operator's license and failing to signal a change of course, following his no contest plea and the resulting sentence.

{¶2} On August 4, 2009, appellant was issued a traffic citation for operating a motor vehicle without a valid operator's license, failing to signal a change of course, and fleeing and eluding.

{¶3} Pursuant to a plea agreement with plaintiff-appellee, the State of Ohio, appellant entered a no contest plea to operating a motor vehicle without a valid operator's license, a first-degree misdemeanor, and failing to signal a change of course, a minor misdemeanor. In exchange, the State agreed to dismiss the fleeing and eluding charge.

{¶4} On May 17, 2010, the trial court entered its judgment entry of sentence where it sentenced appellant to 120 days incarceration and a $200 fine for operating a motor vehicle without a valid operator's license and a $100 fine for failing to signal.

{¶5} Appellant filed a motion for delayed appeal, which this court granted on August 24, 2010. The trial court stayed appellant's sentence pending this appeal.

{¶6} Appellee has failed to file a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain that action. App.R. 18(C).

{¶7} Appellant now asserts a single assignment of error, which states:

{¶8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO PROPERLY CONSIDER THE PURPOSES AND APPROPRIATENESS OF MISDEMEANOR SENTENCING WHEN IMPOSING APPELLANT'S SENTENCE."

{¶9} Appellant argues that the trial court failed to consider the purposes and appropriateness of misdemeanor sentencing pursuant to R.C. 2929.21 and 2929.22 prior to imposing his sentence. He further contends that the court was required to consider the appropriateness of a community control sanction before imposing a term of incarceration and that the record lacks any reference of such consideration.

{¶10} We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard. R.C. 2929.22; *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, ¶15. Abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151. When reviewing a sentence, an appellate court is guided by the presumption that the trial court's findings were correct. *In re Slusser* (2000), 140 Ohio App.3d 480, 487.

{¶11} R.C. 2929.21(A) sets out the purposes of misdemeanor sentencing as follows:

{¶12} "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public."

{¶13} In determining the appropriate sentence for a misdemeanor, the court shall consider:

{¶14} "(a) The nature and circumstances of the offense or offenses;

{¶15} "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

{¶16} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

{¶17} "(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more

serious;

**{¶18}** "(e) Whether the offender is likely to commit future crimes in general,* * *." R.C. 2929.22(B)(1).

**{¶19}** Additionally, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.22(B)(2).

**{¶20}** Appellant was convicted of a first-degree misdemeanor and a minor misdemeanor. He only takes issue with his jail sentence on the first-degree misdemeanor and not his fines. The maximum sentence for a first-degree misdemeanor is 180 days, or six months. R.C. 2929.24(A)(1). The trial court sentenced appellant to 120 days.

**{¶21}** When the court's sentence is within the statutory limit, a reviewing court will presume that the trial judge followed the standards in R.C. 2929.22, absent a showing to the contrary. *State v. Crable*, 7th Dist. No. 04-BE-17, 2004-Ohio-6812, at ¶24.

**{¶22}** Appellant has made no showing that the trial court failed to follow R.C. 2929.22's standards. He has failed to file a transcript of his sentencing hearing. Thus, we have no way to review any findings the trial court may have made.

**{¶23}** The appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is the appellant's duty to provide the reviewing court with an adequate transcript. App.R. 9(B); *Burrell v. Kassicieh* (1998), 128 Ohio App.3d 226, 232, citing *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199. Appellant's failure to file the sentencing transcript precludes our review to determine whether the trial court abused its discretion in handing out his punishment. See App.R. 9(B); *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199.

**{¶24}** Furthermore, in a misdemeanor case, a silent record creates a rebuttable presumption that the sentencing court considered the statutory sentencing criteria. *State v. Vittorio*, 7th Dist. No. 09-MA-166, 2011-Ohio-1657, at ¶26, citing *State v. Best*, 7th Dist. No. 08-MA-260, 2009-Ohio-6806, at ¶14.

**{¶25}** Consequently, we have no choice but to presume that the trial court considered R.C. 2929.21 and 2929.22 in sentencing appellant and did not abuse its discretion.

**{¶26}** Accordingly, appellant's sole assignment of error is without merit.

**{¶27}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J. concurs.

DeGenaro, J., concurs.