[Cite as *State v. Ramey*, 2014-Ohio-2345.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 MA 64 |
| V. | ) | |
| | ) | OPINION |
| HOWARD RAMEY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from Youngstown Municipal Court of Mahoning County, Ohio
Case No. 13CRB519Y

JUDGMENT: Affirmed

APPEARANCES:
For Plaintiff-Appellee

Dana Lantz
City Prosecutor
26 S. Phelps St.
Youngstown, Ohio 44503

For Defendant-Appellant

Attorney Andrew R. Zellers
3810 Starrs Centre Dr.
Canfield, Ohio 44406

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: May 29, 2014

DONOFRIO, J.

{¶1} Defendant-appellant Howard Ramey appeals from his conviction and sentence entered in the Youngstown Municipal Court for domestic violence. Appointed counsel has filed a no-merit brief and requested leave to withdraw.

{¶2} On March 13, 2013, Ramey was charged with domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor, involving a physical and verbal assault on his adult daughter. Over the course of two hours, Ramey repeatedly kicked her, choked her, and punched her. At one point, he pushed her into a wall while she was holding her six-month-old child.

{¶3} Ramey pleaded not guilty, the trial court appointed him counsel, and the case proceeded to discovery and other pretrial matters. Subsequently, the parties reached a Crim.R. 11 plea agreement and Ramey pleaded no contest. The trial court sentenced Ramey to 170 days in jail and a $500 fine. This appeal followed.

{¶4} When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no-merit brief or an *Anders* brief. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In this district it has also been called a *Toney* brief. *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

{¶5} In *Toney,* this court recognized an indigent defendant's constitutional right to court-appointed counsel for direct appeal of their conviction. *Id.*, at paragraph one of the syllabus. After a conscientious examination of the record, counsel should present any assignments of error which could arguably support the appeal. *Id.*, at paragraph two of the syllabus. If instead counsel determines that the defendant's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, then counsel should inform the appellate court and the defendant of that by brief and ask to withdraw as counsel of record. *Id.*, at paragraph three and four of the syllabus. The defendant is then given the opportunity to raise on his own behalf any assignments of error he chooses. *Id.*, at paragraph four of the syllabus. The appellate court then is duty bound to examine the record, counsel's brief, and any arguments raised by the defendant on his own behalf, and determine if

the appeal is wholly frivolous. *Id.*, paragraph five of the syllabus. If after determining that the appeal is wholly frivolous, then the appellate court should permit counsel to withdraw and affirm the judgment of conviction and sentence. *Id.*, paragraph seven of the syllabus.

**{¶6}** The no-merit brief was filed by appointed appellate counsel on August 28, 2013. Approximately two weeks later, this court informed Ramey of counsel's no-merit brief and granted him 30 days to file his own written brief; thus his brief was due on October 16, 2013. 09/16/2014 J.E. Ramey has not filed his own brief. The no-merit brief review identifies two potential issues for appeal: 1) whether the plea colloquy complied with Crim.R. 11, and 2) whether the sentence was an abuse of discretion. In reviewing these possible appellate arguments, counsel concludes that they have no merit and the appeal is frivolous.

**{¶7}** Ramey's first potential assignment of error states:

TRIAL COURT DID NOT COMPLY WITH THE REQUIREMENTS OF CRIMINAL RULE 11 IN ACCEPTING THE DEFENDANT-APPELLANTS PLEA.

**{¶8}** Ramey entered his no contest plea to a first-degree misdemeanor. The maximum jail term for a first-degree misdemeanor is 180 days. R.C. 2929.24(A)(1). Therefore, under Crim.R. 2(D), the offense to which Ramey pleaded no contest is a petty misdemeanor, which means the advisement that the trial court must have given him prior to accepting his no contest plea was governed by Crim.R. 11(E). It provides in relevant part, "In misdemeanor cases involving petty offenses the court * * * shall not accept such pleas without first informing the defendant of the *effect* of the plea of guilty, no contest, and not guilty." (Emphasis added.)

**{¶9}** The Ohio Supreme Court has examined this rule and its requirements, and has held, "In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant *only* of the *effect* of the specific plea being entered." (Emphasis added.) *State v. Jones*, 116 Ohio St.3d 211, 2008-Ohio-6093,

877 N.E.2d 677, at paragraph one of the syllabus, construing Crim.R. 11(E). To meet the requirement of informing a defendant of the *effect* of his plea, a trial court must inform the defendant of the appropriate Crim.R. 11(B) language. *Jones*, at paragraph two of the syllabus.

{¶10} Crim.R. 11(B) specifically defines the *effect* of a no contest plea:

> (B) Effect of guilty or no contest pleas
>
> With reference to the offense or offenses to which the plea is entered:
>
> * * *
>
> (2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

{¶11} This court has previously explained that there are three points of information in Crim.R. 11(B)(2) that must be conveyed about the effect of a no contest plea. *State v. Dosch*, 7th Dist. No. 08 MA 63, 2009-Ohio-6534, ¶ 12. First, that it is not an admission of guilt. *Id.* Second, that it is an admission of the truth of the facts alleged in the indictment, information, or complaint. *Id.* And, third, that the plea cannot be used against the defendant in any subsequent civil or criminal proceedings. *Id.*

{¶12} The test used to determine whether an advisement on the effect of the plea being entered was adequate is a substantial compliance standard. *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. Under this standard, a slight deviation from the text of the rule is permissible as long as the totality of the circumstances indicates that "the defendant subjectively understands the implications of his plea and the rights he is waiving," the plea may be upheld. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶13}** When the trial court does not substantially comply in regard to a nonconstitutional right, such as the effect of a no contest plea, reviewing courts must determine whether the trial court partially complied or failed to comply with the dictates of the rule in question. *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. If there is partial compliance, such as mentioning mandatory postrelease control without explaining it, the plea is only to be vacated if the defendant demonstrates a prejudicial effect. *Id.* The test for prejudice is "whether the plea would have otherwise been made." *Id.* quoting *Nero* at 108. However, if the trial court completely fails to comply with the rule, the plea must be vacated; a showing of prejudice is not needed to be demonstrated in that instance. *Id.* An example of complete failure to comply with the rule is failing to mention postrelease control at all during the plea colloquy even though it is applicable to the defendant. *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d, 1224, ¶ 22. *See also State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

**{¶14}** In this case, at the April 5, 2013 plea hearing, Ramey's counsel had apparently miscommunicated to the court that Ramey would by pleading guilty, so the court began by advising Ramey of the effect of a guilty plea and the various trial rights he would be waiving. When it came time for Ramey's plea, the following colloquy took place:

> THE COURT: All right. Then to this charge how do you plead, sir?
>
> MR. RAMEY: No contest.
>
> THE COURT: Which is it, no contest or guilty? You said guilty.
>
> MR. CARTWRIGHT-JONES: My apologies, I think I slipped and said we will plead guilty but we would enter a no contest plea, Your Honor, if the Court will accept it.
>
> THE COURT: Well, *if you're pleading no contest, you are saying that you are not contesting what it says in your complaint so you are allowing me to find that you are guilty of it without admitting it or without*

> *going through a trial*, plus you are giving up all of the same Constitutional rights that you have that you would have given up had you plead guilty. Do you understand that?
>
> MR. RAMEY: Yes, Your Honor.
>
> THE COURT: So which plea do you want to enter, sir?
>
> MR. RAMEY: No contest.
>
> THE COURT: I will accept your no contest plea. I will find that you entered it voluntarily with full knowledge of the consequences and that you have knowingly, intelligently and voluntarily waived all of your Constitutional rights prior to entering your plea.
>
> According to what it says in this complaint you kicked this person in the stomach, choked her and punched her repeatedly. I am going to find that you are guilty of domestic violence.

(Emphasis added.) (Tr. 4-6.)

**{¶15}** This advisement does not substantially comply with Crim.R. 11(B)(2) as it is a slight deviation from the text of the rule. Specifically, this advisement does not inform the defendant that the no contest plea is not an admission of guilt or that the plea cannot be used against the defendant in any subsequent civil or criminal proceedings, the first or third points of information discussed in *Dosch.*

**{¶16}** Thus, the analysis moves to whether or not this advisement partially complies with the Criminal Rule or whether it is a complete failure to comply. This is not a situation where the trial court merely asked the defendant what his plea was and did not attempt to inform the defendant of the effect of the plea that was being entered. Thus, this case is not akin to *Sarkozy* where the trial court did not even remotely mention the required advisement, i.e. in that case postrelease control. Mentioning the requirement and giving an incomplete advisement constitutes partial compliance. Here, the trial court attempted to advise Ramey on the effect of his no contest plea. In fact, it appears from a reading of the advisement that the trial court was attempting to inform Ramey that his no contest plea was an admission of the

facts and permitted the trial court to find him guilty without going through a trial. The advisement given indicates that Ramey was admitting the truth of the facts and permitting the trial court to find him guilty without the opportunity to present a defense. This expresses not only the second point of information discussed in *Dosch,* but also the essence of a no contest plea "'The essence of the "no contest" plea, is that the accused cannot be heard in defense.'" *State ex rel. Stern v. Mascio,* 75 Ohio St.3d 422, 424, 662 N.E.2d 370 (1996). Considering the language of the advisement, it constitutes partial compliance with the rule. *State v. Lazazzera*, 7th Dist. No. 12 MA 170, 2013-Ohio-2547, ¶ 20 (finding nearly identical advisement constituted partial compliance with the rule).

**{¶17}** Therefore, in order for the plea to be vacated, there must have been prejudice. *Clark,* 2008-Ohio-3748 at ¶ 32. Given the record in this case, it cannot be said that the deficient advisement prejudiced Ramey for three reasons.

**{¶18}** First, since this appeal involves a no-merit brief and Ramey has not filed a brief on his own behalf, Ramey has obviously failed to assert that he was prejudiced or to argue how he was prejudiced. It is not the duty of this court to make an appellant's argument for them. Thus, this court will not find prejudice without an argument. *Lazazzera* at ¶ 23.

**{¶19}** Second, even if he had argued that he was prejudiced, it is difficult to find prejudice considering the trial court's advisement. The primary goal in giving the plea advisement is to ensure that the offender is aware of all potential adverse effects of the plea. As is shown above, Ramey was advised of the negative effect of his no contest plea – that he could be found guilty without going through a trial and that he would be waiving all of his Constitutional trial rights. The deficiency in the advisement is the failure to advise Ramey of the beneficial effect of the plea – that it could not be used against him in any subsequent civil or criminal proceeding. If a person is not advised of a potential beneficial effect of the plea, it is difficult to imagine a scenario where such a defendant sustains any prejudice for such a failure. *Lazazzera* at ¶ 24.

{¶20} Lastly, regardless of the failure to argue prejudice, given the information that was provided to Ramey during the plea colloquy, it is also difficult to conclude that the plea would not have otherwise been entered. For instance, the trial court informed Ramey that the charge carried a maximum jail term of six months and a fine of $1,000. (Tr. 3). The court also cautioned Ramey that he may be subject to a restitution order for any harm he may have caused and could be placed on community control for up to five years with any number of conditions. (Tr. 3.) Moreover, the trial court advised Ramey of the constitutional rights, i.e. right to trial, right to compulsory process, right to have the state prove the elements of the offense by proof beyond a reasonable doubt, right to cross-examine witnesses against him, and right against self-incrimination, he was waiving by entering his plea. (Tr. 4-5.).

{¶21} Consequently, for all of the above stated reasons there was no prejudice. Therefore, even though the trial court's advisement on the effect of the no contest plea did not substantially comply with Crim.R. 11(B)(2), this court is not required to vacate the plea because Ramey has failed to show prejudice resulted from the deficiency.

{¶22} Accordingly, Ramey's first potential assignment of error is without merit.

{¶23} Ramey's second potential assignment of error states:

TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT APPELLANT.

{¶24} Initially, it should be noted that given the absence of any indication in the record that Ramey sought a stay of his sentence, this appeal, especially for purposes of his sentence, is moot because he has presumably served all of his sentence. *State v. Harris*, 7th Dist. No. 11 MA 51, 2012-Ohio-1304, ¶ 2.

{¶25} Even if this aspect of the appeal was not moot, there are no possible issues on appeal concerning Ramey's sentence that could be categorized as non-frivolous. The overriding purposes of misdemeanor sentencing are to punish the offender and to protect the public from future crime by the offender and others. R.C.

2929.21(A). In order to achieve these purposes, the sentencing court shall consider the impact of the offense on the victim, the need to change the offender's behavior, the need to rehabilitate the offender, and the desire to make restitution to the victim and/or the public. *Id.*

**{¶26}** A misdemeanor sentence shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth above, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders. R.C. 2929.21(B).

**{¶27}** In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors: (a) the nature and circumstances of the offense; (b) whether the circumstances surrounding the offender and the offense indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense; (c) whether the circumstances regarding the offender and the offense indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences; (d) whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious; (e) whether the offender is likely to commit future crimes in general. R.C. 2929.22(B)(1). The court may also consider other relevant factors. R.C. 2929.22(B)(2). Additionally, before imposing a jail term as a sentence for a misdemeanor, the court shall consider the appropriateness of imposing a community control sanction. R.C. 2929.22(C).

**{¶28}** An appellate court reviews a trial court's sentence on a misdemeanor violation under an abuse of discretion standard. R.C. 2929.22; *State v. Davis*, 7th Dist. No. 10-MA-98, 2011-Ohio-3184, ¶ 10, citing *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, ¶ 15 (1st Dist.). An abuse of discretion

means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). When reviewing a sentence, an appellate court should be guided by the presumption that the trial court's findings were correct. *State v. Davis*, 7th Dist. No. 10-MA-98, 2011-Ohio-3184, ¶ 10, citing *In re Slusser*, 140 Ohio App.3d 480, 487, 748 N.E.2d 105 (3d Dist.2000).

**{¶29}** In this case, the trial court heard from Ramey himself and the victim concerning the circumstances surrounding the crime. Over the course of two hours, Ramey repeatedly kicked her, choked her, and punched her. At one point, he pushed her into a wall while she was holding her six-month-old child. Given the presence of all the factors listed under R.C. 2929.22(B)(1), it cannot be said that the trial court's sentence constituted an abuse of discretion.

**{¶30}** Accordingly, Ramey's second potential assignment of error is without merit.

**{¶31}** In sum, for all of the foregoing reasons, the potential assignments of error raised by Russell's appointed appellate counsel are without merit and our own independent review of the case file and appellate filings reveals that there are no appealable issues. The conviction and sentence are affirmed and counsel's motion to withdraw is granted.

Vukovich, J., concurs.
Waite, J., concurs.