[Cite as *State v. Musleh*, 2017-Ohio-8166.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105305**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MOHAMMAD MUSLEH

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-606844-A

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 12, 2017

**ATTORNEYS FOR APPELLANT**

Fernando Mack
1220 West 6th Street, Suite 203
Cleveland, Ohio 44113
Edward F. Borkowski, Jr.
P.O. Box 609151
Cleveland, Ohio 44109


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Amanda M. Hall
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant Mohammad Musleh appeals from his conviction after he pled no contest to one count of unlawful possession of a dangerous ordnance in violation of R.C. 2923.17(A). Musleh contends that the trial court did not comply with Crim.R. 11(C)(2)(b) in accepting his no contest plea and abused its discretion in denying his request to withdraw his plea. He also contends that he did not receive effective assistance of counsel based on counsel's recommendation that he enter a plea that allegedly offered no benefit and counsel's abandonment of a motion to suppress evidence. For the reasons that follow, we affirm the trial court's judgment.

**Factual and Procedural Background**

**{¶2}** On June 20, 2016, Musleh was working at a convenience store owned by his mother when two agents of the Ohio Department of Public Safety arrived to conduct a routine inspection. Because the store had licenses to sell alcohol and tobacco, the premises were subject to Ohio Department of Public Safety inspections. During the course of the inspection, the agents found a "sawed-off" shotgun hidden in the wall behind the counter of the premises. Musleh claimed that the gun was not his and that someone had left it behind after he or she had attempted to rob the store.

**{¶3}** On June 21, 2016, a Cuyahoga County Grand Jury indicted Musleh on one count of unlawful possession of a dangerous ordnance in violation of R.C. 2923.17(A), a fifth-degree felony, with a forfeiture specification.

**{¶4}** On September 27, 2016, Musleh filed a motion to suppress on the ground that the search of the wall behind the counter was an unconstitutional warrantless search.

Musleh argued that the search exceeded the scope of warrantless administrative inspections permitted under Ohio Adm.Code 4301.1-1-79, because the agents did not possess reasonable suspicion that Musleh had violated any liquor statutes. The state opposed the motion, asserting that Musleh lacked standing to challenge the search because he was not the owner of the premises and could not establish that he had any right to an expectation of privacy in the premises. The state also asserted that the search was constitutional.

{¶5} On October 24, 2016, Musleh agreed to plead no contest to one count of unlawful possession of a dangerous ordnance as alleged in the indictment. After the terms of the plea were stated on the record, the trial judge proceeded with the plea colloquy.

{¶6} In response to the trial judge's preliminary questions, Musleh indicated that he was a United States citizen, was 48 years old, had attended some college and was not under the influence of any drugs or alcohol. The trial judge advised Musleh of his constitutional rights and confirmed that he understood the rights he would be waiving by entering a no contest plea. The trial judge identified the offense to which Musleh would be pleading no contest and the potential maximum penalties associated with the charge, i.e., 6 to 12 months in prison, a fine up to $2,500 and forfeiture of the sawed-off shotgun, explained the consequences of violating community control sanctions and postrelease control, if imposed and confirmed that Musleh understood all of this. Musleh indicated that no threats or promises had been made to him to induce him to change his plea and

stated that he was satisfied with the services rendered by his trial counsel. Both the defense and the state indicated that they were satisfied that the trial court had complied with Crim.R. 11.

{¶7} After a brief recitation of the facts by the state, the trial court found that Musleh entered his no contest plea "knowingly, voluntarily, and with a full understanding of [his] rights." The trial court accepted Musleh's plea, found Musleh guilty of the offense and referred the matter for preparation of a presentence investigation report. A sentencing hearing was scheduled for the following month.

{¶8} On November 25, 2016 — three days before the scheduled sentencing hearing — Musleh filed a motion to withdraw his plea.[1] He asserted that he "mistakenly, under duress" pled to a crime he did not commit and that he should be permitted to withdraw his plea to correct "an extreme and manifest injustice." Specifically, he claimed that, at the time he entered his plea, he was "under extreme duress," his "judgment was impaired * * * due to depression," he was "not thinking clearly" and he was "worried about [how] his family * * * would survive if he was incarcerated." As such, he argued his plea was not made voluntarily. No affidavits or other evidence was submitted with the motion.

{¶9} Immediately prior to the scheduled sentencing hearing, the trial court held a hearing on Musleh's motion to withdraw his plea. After considering arguments from the

---

[1]Although Musleh had entered a no contest plea, the motion to withdraw the plea erroneously refers to Musleh's plea as a guilty plea.

state and defense counsel and questioning Musleh regarding his plea, the trial court denied the motion, concluding that Musleh "had not given * * * a legal reason why it should be withdrawn" and had shown nothing more than a "change of heart," which was not a sufficient basis upon which to withdraw his plea. The trial court sentenced Musleh to one year of community control sanctions and 20 hours of community service.

{¶10} Musleh appealed his conviction, raising the following three assignments of error for review:

> ASSIGNMENT OF ERROR NO. I:
> The trial court erred by not informing appellant of the effect of a no contest plea.
>
> ASSIGNMENT OF ERROR NO. II:
> The trial court abused its discretion by denying Appellant's pre-sentence motion to withdraw his no contest plea.
>
> ASSIGNMENT OF ERROR NO. III:
> Appellant's counsel was ineffective.

{¶11} For ease of discussion ,we address Musleh's assignments of error out of order.

**Law and Analysis**

{¶12} In his first assignment of error, Musleh contends that his no contest plea was not made knowingly, intelligently and voluntarily and should be vacated because the trial court did not inform Musleh of the effect of his no contest plea prior to accepting his plea. Musleh's argument is meritless.

**Compliance with Crim.R. 11(C)(2)(b) — Effect of No Contest Plea**

**{¶13}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996); *see also State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. To that end, Crim.R. 11 sets forth certain constitutional and procedural requirements with which a trial court must comply prior to accepting a guilty or no contest plea. Under Crim.R. 11(C)(2), the trial court shall not accept a guilty or no contest plea in a felony case without personally addressing the defendant and doing all of the following:

> (a)_ Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

> (c)_ Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Whether the trial court accepted a plea in compliance with Crim.R. 11(C)(2) is subject to de novo review, based on the totality of the circumstances. *State v. Jackson*, 8th Dist. Cuyahoga No. 99985, 2014-Ohio-706, ¶ 6; *see also State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 13 (8th Dist.) ("In considering whether a plea was entered knowingly, intelligently and voluntarily, 'an appellate court examines the totality of the circumstances through a de novo review of the record.'"), quoting *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 7.

{¶14} If a trial court fails to "literally comply with Crim.R. 11," a reviewing court "must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 30. The trial court must strictly comply with those provisions of Crim.R. 11(C)(2) that relate to the waiver of constitutional rights. *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at syllabus. As to the nonconstitutional aspects of Crim.R. 11(C)(2), which includes a defendant's right to be informed of and understand the effect of a no contest plea, substantial compliance is required. *Veney* at ¶ 14; *State v. Mason*, 8th Dist. Cuyahoga No. 104533, 2017-Ohio-7065, ¶ 36; *State v. Petitto*, 8th Dist. Cuyahoga No. 95276, 2011-Ohio-2391, ¶ 6. Under the substantial compliance standard, "a slight deviation from the text of the rule is permissible," provided that, "under the totality of the circumstances," "the defendant subjectively understands the implications_of his plea and

the rights he is waiving." *Clark* at ¶ 31; *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶15} Generally, the "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. However, as the court explained in *Clark*, if the trial court fails to substantially comply with a requirement of Crim.R. 11(C)(2)(a) or (b) relating to a nonconstitutional right, then it must make a further determination as to whether the trial court "partially complied" or "completely failed" to comply with the requirement. *Clark* at ¶ 32. If the trial court partially complied with a requirement of Crim.R. 11(C)(2) relating to a nonconstitutional right, a defendant's plea is properly vacated only if the defendant demonstrates prejudice, i.e., that the plea would not otherwise have been made. *Id.*; *Griggs* at ¶ 12; *Nero* at 108. If the trial court completely failed to comply, the plea must be vacated; a showing of prejudice is not required. *Clark* at ¶ 32 ("' A complete failure to comply with the rule does not implicate an analysis of prejudice.'"), quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶16} The effect of a no contest plea is set forth in Crim.R. 11(B)(2), which states:

The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or

complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

*See also State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 25 ("to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)").

**{¶17}** In this case, Musleh argues that no showing of prejudice was required to invalidate his plea because the trial court completely failed to advise him of the effect of his no contest plea under Crim.R. 11(C)(2)(b). He further contends that the Ohio Supreme Court's decision in *Clark* and this court's decisions in *State v. Tutt,* 54 N.E.3d 619, 2015-Ohio-5145 (8th Dist.), and *State v. Tokar,* 8th Dist. Cuyahoga No. 91941, 2009-Ohio-4369, cannot be reconciled with this court's decisions in *State v. Simonoski*, 8th Dist. Cuyahoga No. 98496, 2013-Ohio-1031, and *State v. Anglen*, 8th Dist. Cuyahoga No. 102022, 2015-Ohio-4070, in which he contends the court went directly into a prejudice analysis, rejecting the defendant's challenge to his or her pleas under Crim.R. 11(C)(2)(b) without first determining whether the trial court had at least partially complied with the requirement that a defendant be informed of and understand the effect of a no contest plea. We disagree.

**{¶18}** First, Crim.R. 11(C)(2)(b) requires that a defendant be informed of and understand the effect of a no contest or guilty plea; it does not require a "rote recitation" of the language of Crim.R. 11(B)(2).[2] *See, e.g., State v. Mallon*, 11th Dist. Trumbull

---

[2]We note, however, that "'[l]iteral compliance with_Crim.R. 11, in all respects, remains

No. 98-T-0032, 1999 Ohio App. LEXIS 6131, *13-*14 (Dec. 17, 1999). Second, with respect to a defendant's right to be informed of and understand the effect of a no contest or guilty plea – unlike other nonconstitutional aspects of Crim.R. 11(C)(2) — it is presumed that a defendant who has entered a no contest or guilty plea without asserting actual innocence understands the effects of his or her plea. In *Griggs*, the Ohio Supreme Court held that "[a] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at syllabus. Applying *Griggs*, this court has extended that presumption to no contest pleas as well. *See, e.g., Anglen* at ¶ 12, quoting *State v. Mays*, 8th Dist. Cuyahoga No. 99150, 2013-Ohio-4031, ¶ 12 ("'[A] defendant who has entered a guilty *or no contest plea* without asserting actual innocence is presumed to understand the effect of the plea * * *.'") (emphasis added), citing *Griggs* at syllabus; *see also Simonoski*, at ¶ 12. In *Simonoski* and *Anglen*, the defendants did not assert their "actual innocence" when they entered their pleas or otherwise suggest that they did not understand that their no contest pleas would constitute an admission of the truth of the facts alleged in the indictment. Although the trial court erred in not specifically *informing* the defendants of the effect of their pleas by stating the effect of their pleas as set forth in Crim.R. 11(B)(2) on the record, the presumption that those

---

preferable to inexact plea hearing recitations.' * * * The best way to ensure that pleas are entered knowingly and voluntarily is to simply follow the requirements of Crim.R. 11 when deciding whether to accept a plea agreement." *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 29, quoting *Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at ¶ 19, fn. 2.

defendants had an *understanding* of the effect of their pleas applied. As such, there was no "complete failure" to comply with the nonconstitutional effect-of-plea requirement under Crim.R. 11(C)(2)(b). *See Simonoski* at ¶ 8-14 (concluding that the defendant "subjectively understood the effects of his plea" and that "even if the court failed to substantially comply with explaining the effects of his plea, [he] still has to prove he was prejudiced by the court's failure"); *Anglen* at ¶ 11-13; *see also State v. Semenchuk*, 8th Dist. Cuyahoga No. 102636, 2015-Ohio-5408, ¶ 14 (stating that in *Simonoski* the panel determined that there was partial compliance and that the defendant was therefore required to demonstrate prejudice to vacate his plea).

{¶19} Musleh also argues that we should vacate his no contest plea based on *State v. Jones,* 2d Dist. Montgomery No. 25688, 2014-Ohio-5574. In *Jones*, the Second District vacated a defendant's plea without a showing of prejudice after determining that the trial court completely failed to comply with the effect-of-plea requirement in Crim.R. 11(C)(2)(b). *Id.* at ¶ 5, 15. In that case, the state conceded that the trial court did not inform the defendant of the effect of his no contest plea but argued that the defendant subjectively understood the effect of his plea because the trial court had explained the maximum potential sentence the defendant could receive and the rights he was waiving upon entering his plea. *Id.* at ¶ 14. The court rejected the state's argument, reasoning that the effect-of-plea requirement "cannot be met simply by the informing the defendant of the maximum sentence and the right to a jury trial" and concluding that "[u]nder the facts and circumstances" of that case, the defendant's plea was not knowingly,

intelligently and voluntarily entered. *Id.* at ¶ 5, 14. The *Jones* opinion does not indicate specifically what advisements were made to the defendant at the plea hearing in that case and did not apply the presumption in *Griggs.* As such, we believe it is distinguishable from this case.

{¶20} The "primary goal" of the plea advisement under Crim.R. 11(C)(2)(b) is "to ensure that the offender is aware of all potential adverse effects of the plea." *State v. Ramey,* 7th Dist. Mahoning No. 13 MA 64, 2014-Ohio-2345, ¶ 19. Further, "'[t]he essence of the "no contest" plea, is that the accused cannot be heard in defense.'" *State v. Sanders*, 8th Dist. Cuyahoga No. 97120, 2012-Ohio-1540, ¶ 46, quoting *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 662 N.E.2d 370 (1996).

{¶21} In *State v. Durkin*, 7th Dist. Mahoning No. 13 MA 36, 2014-Ohio-2247, the Seventh District held that the trial court partially complied with the effect-of-plea requirement under Crim.R. 11(C)(2)(b) where the trial court gave the following advisement concerning the effect of the defendant's no contest plea:

> Well, if you're pleading no contest, you are saying that you are not contesting these charges. You are allowing me to find that you're guilty of all four theft charges without going through a trial and being proven guilty. So for each of these four charges you're giving up your right to have a trial, you're giving up your right to be proven guilty by proof beyond a reasonable doubt, you're giving up your right to confront all of the evidence that the Prosecutor have to present against you, you're giving up your right to cross-examine all of the witnesses who would be called to testify against you, you're giving up your right to require any witnesses that you may have to come in here and testify on your behalf, you're giving up your right to continued representation by counsel through whatever trial proceeds there would be and you're giving up your right not testify at your trial if you didn't want to.

*Id.* at ¶ 16-18.

{¶22} Similarly, in this case, although the trial judge did not recite the language of Crim.R. 11(B)(2), she did inform Musleh of the nature of the charge at issue, the potential penalties he faced and the constitutional rights he was giving up by pleading no contest to the charge in the indictment, including his right to a jury or bench trial, his right to continued representation by counsel through trial, his right to compel witness testimony on his behalf, his right to confront and cross-examine any witnesses that would be called to testify against him and his right not to testify at his trial if he chose not to do so. The trial judge further advised Musleh that by entering his no contest plea, he was giving up his right to have "the State of Ohio prove [his] guilt by evidence beyond a reasonable doubt" at trial. The state indicated, when "outlin[ing]" the no contest plea at the request of the trial judge at the outset of the plea hearing, that it was "incorporat[ing] all the facts and allegations and statements in Count 1" of the indictment. Musleh stated that he understood the offense to which he was pleading no contest and all the rights he was waiving by pleading no contest.

{¶23} The record reflects that Musleh was both advised of the "essence" of his no contest plea, i.e., that he was permitting the trial court to find him guilty without the opportunity to present a defense, and the negative effects of his no contest plea, i.e., that "he could be found guilty without going through a trial and that he would be waiving all of his Constitutional trial rights." *Ramey,* 2014-Ohio-2345, at ¶ 19; *see also State v. Lazazzera*, 7th Dist. Mahoning No. 12 MA 170, 2013-Ohio-2547, ¶ 17-20 (trial court

partially complied with effect-of-plea requirement where trial judge informed defendant "[i]f you are pleading no contest, you are saying that you are not contesting this charge so you are allowing me to find that you are guilty of it without going through a trial and being proven guilty" and defendant indicated that he understood). Musleh was represented by counsel at the plea hearing, he did not assert his innocence at the plea hearing and there is nothing in the record that suggests that Musleh was confused or did not understand that his no contest plea was an admission of the truth of the facts alleged in the indictment. There is no claim that the trial judge gave him any misinformation regarding the effect of the no contest plea. The trial judge gave Musleh the opportunity to ask questions before taking his plea and Musleh indicated that he had no questions regarding his rights, the charges, the penalties "or anything that is being done here today."

Accordingly, on the record before us, considering the presumption that applies and the totality of the circumstances, we find that the trial court at least partially complied with the effect-of-plea requirement under Crim.R. 11(C)(2)(b).

{¶24} Moreover, there has been no showing that Musleh suffered any prejudice as a result of the trial court's failure to fully comply with Crim.R. 11(C)(2)(b). Where, as here, a defendant enters a guilty or no contest plea without asserting actual innocence, a defendant is presumed to understand the effect of the plea such that a trial court's failure to inform the defendant of the effect of his plea is presumed not to be prejudicial. *See, e.g., Anglen*, 2015-Ohio-4070, at ¶ 12; *Mays*, 2013-Ohio-4031, at ¶ 12; *Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51*,* at syllabus. Musleh has not even argued —

much less demonstrated — that he was prejudiced by the trial court's failure to fully comply with Crim.R. 11(C)(2)(b), i.e., that but for the trial court's failure to more fully inform him of the effects of his no contest plea, he would not have entered his no contest plea. *See Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474. Nor is any prejudice apparent on the record before us. As stated above, Musleh did not assert his innocence at the plea hearing; therefore, we presume that he understood that his no contest plea was an admission of the truth of the facts alleged in the indictment. Even if Musleh did not know that his no contest plea could not be used against him in any subsequent civil or criminal proceeding, any failure to advise Musleh of this fact could not be prejudicial because this rule "inures to his benefit." *See Mays* at ¶ 13; *see also Ramey* at ¶ 19 (observing that "[i]f a person is not advised of a potential beneficial effect of the plea, it is difficult to imagine a scenario where such a defendant sustains any prejudice for such a failure"). Accordingly, we overrule Musleh's first assignment of error.

**Ineffective Assistance of Counsel**

{¶25} In his third assignment of error, Musleh contends his plea should be vacated because he was denied ineffective assistance of counsel. Musleh contends his trial counsel was ineffective because he (1) advised Musleh to enter a no contest plea "which provided him with no benefit" and (2) abandoned his motion to suppress prior to the plea hearing.

{¶26} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell

below an objective standard of reasonable representation and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶27} When considering whether trial counsel's representation amounts to a deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  at 689.  Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.*   Musleh has not met his burden in this case.

**No Benefit from Plea**

{¶28} Musleh contends that his trial counsel provided ineffective assistance by advising him to enter a no contest plea from which he received "no benefit at all" and that "[h]ad he known the result would have been the same if he had gone to trial," he would not have entered the plea.   Musleh asserts that pursuant to R.C. 2929.13(B)(1)(a), he could not have gone to prison for the offense to which he pled no contest and thus he had "nothing to lose by going to trial."   However, he also acknowledges that a trial court has discretion to impose a prison term where R.C. 2929.13(B)(1)(b)(i) applies — i.e., "the

offender committed the offense while having a firearm on or about the offender's person or under the offender's control" — and that in *State v. Torres,* 8th Dist. Cuyahoga No. 104905, 2017-Ohio-938, this court recently applied R.C. 2929.13(B)(1)(b)(i) where a defendant pled guilty to a charge of carrying a concealed weapon. We need not decide whether R.C. 2929.13(B)(1)(b)(i) would apply in this case. At the plea hearing, both the state and trial court indicated that the offense at issue was "punishable by 6 to 12 months in prison." Even assuming trial counsel advised Musleh to enter a no contest plea,[3] Musleh has not overcome the presumption that trial counsel's advice was sound strategy to avoid a trial that could possibly lead to incarceration.

{¶29} Further, even if Musleh did not receive a reduced sentence by pleading no contest, we do not agree that Musleh received nothing of value in exchange for his no contest plea. As a result of the plea, there was no trial. There are a number of reasons a defendant may choose to enter a no contest or guilty plea instead of going to trial besides a possible reduction in sentence. For example, a defendant may want to take responsibility for his crime, a defendant may wish to avoid the attention of a public trial or a defendant may simply want the case to be over and spare himself (and perhaps also his family) the time and stress of going through a trial.

**Failure to Pursue Motion to Suppress**

---

[3]There is nothing in the record regarding any advice or recommendation trial counsel allegedly provided to Musleh with respect to entering a no contest plea. To the extent Musleh's claim of ineffective assistance of counsel is based upon purported, off-the-record conversations he had with his trial counsel, the record does not provide this court with any basis upon which we can determine whether counsel was ineffective.

**{¶30}** Musleh also contends that his trial counsel was ineffective because he failed to pursue Musleh's motion to suppress.

**{¶31}** The failure to file or pursue a motion to suppress does not automatically constitute ineffective assistance of counsel. *See, e.g., State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 28; *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶ 9, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000). To establish ineffective assistance of counsel for failure to pursue a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question and that there was a reasonable probability both that a motion to suppress would have been successful if pursued and that suppression of the challenged evidence would have changed the outcome of the case. *See, e.g., State v. Madden*, 4th Dist. Adams No. 09CA883, 2010-Ohio-176, ¶ 19; *Taylor* at ¶ 9; *State v. Brooks*, 11th Dist. Lake No. 2011-L-049, 2013-Ohio-58, ¶ 57; *State v. Grimes*, 8th Dist. Cuyahoga No. 94827, 2011-Ohio-4406, ¶ 30. Counsel is not required to pursue a motion to suppress if doing so would be a futile act. *See, e.g., State v. Armstrong*, 8th Dist. Cuyahoga No. 103088, 2016-Ohio-2627, ¶ 30; *Moon* at ¶ 28 ("'Even if some evidence in the record supports a motion to suppress, counsel is still considered effective if counsel could reasonably have decided that filing a motion to suppress would have been a futile act.'"), quoting *State v. Suarez*, 12th Dist. Warren No. CA2014-02-035, 2015-Ohio-64, ¶ 13. "'If case law indicates the motion would not have been granted, then counsel cannot be considered

ineffective for failing to prosecute it.'" *Brooks* at ¶ 57, quoting *State v. Gaines*, 11th Dist. Lake Nos. 2006-L-059 and 2006-L-060, 2007-Ohio-1375, ¶17.

**{¶32}** Musleh contends that there was a "legitimate basis to suppress the firearm" that served as the basis of the charge against him because the gun was found inside a wall and the investigators lacked a "reasonable suspicion of criminal activity" necessary to search inside closed places at the time they found the gun. However, as the state points out, Musleh did not own the store; he was only an employee. Further, it is unclear from the record exactly where the gun was found or how the agents discovered the gun during their search. "To challenge the admission of evidence found during a warrantless search, a defendant must have a legitimate expectation of privacy in the premises searched." *State v. Martin*, Slip Opinion No. 2017-Ohio-7556, ¶ 79, citing *Rakas v. Illinois*, 439 U.S. 128, 130, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), fn. 1, and *Minnesota v. Carter*, 525 U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998); *see also State v. Dennis*, 79 Ohio St.3d 421, 426, 683 N.E.2d 1096 (1997) ("A defendant bears the burden of proving not only that a search was illegal, but also that he had a legitimate expectation of privacy in the area searched."); *State v. Lumbus*, 2016-Ohio-380, 59 N.E.3d 580, ¶ 72 (8th Dist.); *State v. Davis*, 80 Ohio App.3d 277, 284, 609 N.E.2d 174 (8th Dist.1992) ("'In order to challenge a search or seizure on Fourth Amendment grounds, a defendant must possess a legitimate expectation of privacy in the area searched, and the burden is upon the defendant to prove facts sufficient to establish such an expectation.'"), quoting *State v. Steele*, 2 Ohio App.3d 105, 107, 109, 440 N.E.2d 1353 (8th Dist.1981).

**{¶33}** Musleh has not identified any facts or law that would support a finding that he had a legitimate expectation of privacy in the premises and area searched. Accordingly, Musleh has not established that his motion to suppress was likely to be successful or that he was otherwise prejudiced by his counsel's failure to actively pursue that motion before Musleh entered his no contest plea. Musleh's third assignment of error is overruled.

**Motion to Withdraw Guilty Plea**

**{¶34}** In his second assignment of error, Musleh contends that the trial court abused its discretion in denying his presentence motion to withdraw his no contest plea because (1) his trial counsel was ineffective, (2) the trial court failed to inform Musleh of the effect of his no contest plea and (3) Musleh was not given a "full hearing" on his motion to withdraw his plea.

**{¶35}** In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xi*e, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, even before the trial court imposes a sentence, a defendant does not have an "absolute right" to withdraw a plea. *Id.* at paragraph one of the syllabus. Before ruling on a presentence motion to withdraw a plea, the trial court must, therefore, conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea. *Xie* at paragraph one of the syllabus._ A mere change of heart regarding a plea is an insufficient justification for the withdrawal of a no contest or guilty plea. *See, e.g., State v. Shaw*, 8th Dist. Cuyahoga No. 102802, 2016-Ohio-923, ¶ 7.

{¶36} It is within the "sound discretion of the trial court"_whether circumstances exist that warrant withdrawal of a defendant's guilty or no contest plea. *Xie* at 527._ Accordingly, we review a trial court's denial of a motion to withdraw a plea under an abuse of discretion standard. *Id.; State v. Johnson*, 8th Dist. Cuyahoga No. 83350, 2004-Ohio-2012, ¶ 34. Unless it is shown that the trial court acted unreasonably, arbitrarily or unconscionably in denying a defendant's motion to withdraw a plea, there is no abuse of discretion and the trial court's decision must be affirmed. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983); *Xie* at 527.

{¶37} In *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980), this court held that a trial court does not abuse its discretion in denying a presentence motion to withdraw a plea where the record reflects: (1) the defendant is represented by highly competent counsel; (2) the defendant was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) the defendant was given a complete and impartial hearing on the motion to withdraw the plea and (4) the trial court gave full and fair consideration to the plea withdrawal request. *Id.* at paragraph three of the syllabus.

{¶38} In subsequent cases, this court identified additional factors to be considered in evaluating a defendant's request to withdraw a plea, including:
(1) whether the motion was made in a reasonable time; (2) whether the motion states specific reasons for withdrawal; (3) whether the defendant understood the nature of the charges and the possible penalties and (4) whether the defendant was perhaps not guilty

or had evidence of a plausible defense. _See, e.g., *State v. Calabrese*, 8th Dist. Cuyahoga No. 104151, 2017-Ohio-7316, ¶ 12; *State v. Small*, 8th Dist. Cuyahoga No. 104813, 2017-Ohio-110, ¶ 8.

**{¶39}** Applying these factors in this case, we find no abuse of discretion by the trial court in denying Musleh's motion to withdraw his no contest plea. As explained above, we have already determined that Musleh's complaints regarding the trial court's failure to advise him of the effect of his no contest plea and alleged ineffective assistance of counsel are meritless. The record reflects that Musleh was represented by competent counsel, was afforded a full hearing pursuant to Crim.R. 11(C) prior to entering his no contest plea and understood the charge to which he pled no contest and the potential penalties associated with his plea.

**{¶40}** With respect to Musleh's claim that the trial court did not give him a "full hearing" on his motion to withdraw his plea, the scope of a hearing on a motion to withdraw a guilty plea is "dependent upon the facial validity of the motion itself." *State v. Wittine*, 8th Dist. Cuyahoga No. 90747, 2008-Ohio-5745, ¶ 8; *see also State v. Elliot*, 8th Dist. Cuyahoga No. 103472, 2016-Ohio-2637, ¶ 26. "'[B]old assertions without evidentiary support * * * should not merit the type of scrutiny that substantiated allegations would merit.'" *Wittine* at ¶ 9, quoting *State v. Hall*, 8th Dist. Cuyahoga No. 55289, 1989 Ohio App. LEXIS 1602, *2-*3 (Apr. 27, 1989). "'The motion to withdraw the plea must, at a minimum, make a prima facie showing of merit before the trial court need devote considerable time to it.'" *Wittine* at ¶ 9, quoting *Hall* at *2.

{¶41} Musleh's motion to withdraw his plea was filed a month after the plea and three days before the scheduled sentencing hearing. It consists of little more than vague assertions and lacks any evidentiary support.

{¶42} In his motion, Musleh argued that he should be permitted to withdraw his plea because he was innocent and had been "confused, depressed, and worried about his family" when he entered his plea. Musleh contends that the trial court failed to give due consideration to his motion because it "did not ask any questions of Musleh relative to the basis for his motion" and "simply sought to confirm the voluntariness of his plea." However, in his motion to withdraw his plea, Musleh challenged only the voluntariness of his no contest plea; he did not contend that his no contest pleas was not knowingly or intelligently made. Although Musleh claimed he was "confused," he did not explain in the motion what gave rise to his confusion and pointed to nothing in the record that would suggest that his plea may have been the result of any confusion. Likewise, he put forth no facts or evidence supporting his claims of innocence and depression. "'A defendant's protestations of innocence are not sufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered.'" *State v. Ortiz*, 8th Dist. Cuyahoga No. 104689, 2017-Ohio-7400, ¶ 15, quoting *State v. Hill*, 8th Dist. Cuyahoga No. 99564, 2014-Ohio-26, ¶ 10. Similarly, the fact that a defendant may have felt "pressured" to enter a plea is not a sufficient basis to withdraw a plea in the absence of evidence of coercion. *See, e.g., Shaw*, 2016-Ohio-923, at ¶ 6-9.

{¶43} Based on the record before us, we find that the trial court gave full and fair consideration to Musleh's motion to withdraw his no contest plea. Before ruling on the motion, the court heard argument from defense counsel and the state and then questioned Musleh regarding the basis for his motion, confirming that he had been informed of and understood the charge to which he pled no contest, the potential penalties and his constitutional rights. The trial court further confirmed that no threats or promises had induced his plea and that Musleh had indicated that he was entering his plea voluntarily and of his own free will. We must defer to the trial court's judgment in evaluating the "'good faith, credibility and weight'" of Musleh's motivation and assertions in entering and attempting to withdraw his plea. *See Xie*, 62 Ohio St.3d 521, 525, 584 N.E.2d 715, quoting *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶44} The record supports the trial court's conclusion that Musleh failed to demonstrate any basis for withdrawing his plea other than a change of heart, which was not a legitimate and reasonable basis for withdrawal of his plea. Accordingly, the trial court did not abuse its discretion in denying Musleh's motion to withdraw his no contest plea. Musleh's second assignment of error is overruled.

{¶45} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR