[Cite as *State v. McDonough*, 2025-Ohio-2568.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-A-0107 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| MAKITA MCDONOUGH, | Trial Court No. 2024 CR 00354 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: July 21, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Edward F. Borkowski, Jr.*, P.O. Box 609151, Cleveland, OH 44109 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}  Appellant, Makita McDonough, appeals the judgment of conviction from the Ashtabula County Court of Common Pleas where the trial court sentenced her to a term of life imprisonment without possibility of parole after her plea of no contest to three counts of Rape, first-degree felonies in violation of R.C. 2907.02(A)(1)(b) with sexually violent predator specifications pursuant to R.C. 2941.148(A).

{¶2}  Appellant has raised two assignments of error arguing: first, trial counsel was ineffective by failing to secure a plea resolution that offered any benefit to Appellant where the parties stipulated to a recommended sentence of three concurrent life-

sentence terms of imprisonment without the possibility of parole. Second, the trial court erred by finding Appellant to be a sexually violent predator.

{¶3}    Having reviewed the record and the applicable caselaw, we find Appellant's assignments of error to be without merit. First, we cannot say that Appellant received no benefit from entering her no contest plea despite the joint recommendation of a life sentence without parole because she entered a no contest plea rather than a guilty plea and her plea allowed her to avoid the tribulations of trial. Appellant never sought to withdraw her plea, and the record does not contain detailed information about why Appellant entered her plea or what trial counsel advised her to do. That lack of information and our presumption that counsel acted competently informs our result.

{¶4}    Second, R.C. 2953.08(D)(1) precludes our review of her plea to the sexually violent predator specification because appellant pled no contest to the charges as indicted, including the sexually violent predator specifications contained in the indictment.

{¶5}    Therefore, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶6}    On August 1, 2024, the Ashtabula County Grand Jury indicted Appellant on three counts of Rape, first-degree felonies in violation of R.C. 2907.02(A)(1)(b) with sexually violent predator specifications pursuant to R.C. 2941.148(A). The indictment stated that the victim was less than ten years of age. Appellant pled not guilty to the charges.

{¶7} On September 13, 2024, Appellant filed a motion for a competency evaluation and on October 18, 2024, filed a plea of not guilty by reason of insanity. Appellant was set to be evaluated by the Forensic Psychiatric Center of Northeast Ohio.

{¶8} On November 6, 2024, Dr. Dreyer issued a report finding that Appellant was competent to stand trial and that she understood the wrongfulness of her actions at the time of the offenses.

{¶9} The matter was set for a sanity hearing on November 19, 2024. At that hearing, the parties stipulated, and the trial court ruled, that Appellant was competent to stand trial and understood the wrongfulness of her actions at the time of the offenses charged.

{¶10} On that same day, Appellant entered a plea of no contest to the indictment as charged. The parties stipulated to an agreed sentence of "one term of life without parole, concurrent on each and every count in the indictment."

{¶11} The trial court engaged in a plea colloquy, first with Appellant's trial counsel, and then with Appellant. The trial court asked Appellant if she had any complaints about her attorney and whether she was satisfied with her representation. Appellant expressed no issues. The trial court asked Appellant if her counsel had explained "that there are special circumstances for a no contest plea?" Appellant said, "Yes." The trial court asked Appellant if she understood the nature of the charges she was pleading to, including the sexually violent predator specifications. Appellant said that she did.

{¶12} The trial court explained the minimum mandatory sentence of 25 years of incarceration for the crimes in the indictment and the maximum penalty of life without the possibility of parole for her offenses. The trial court fully explained the effect of a no-

contest plea and explained Appellant's constitutional and non-constitutional rights under Crim.R. 11.

{¶13} The State provided an explanation of circumstances, saying that the Geneva Police Department had been contacted by the Internet Crimes Against Children Task Force (ICAC) about a high priority case dealing with Appellant's active molestation of her four-year-old son. The tip included internet chats that Appellant engaged in offering her son as a "sex toy." Appellant transferred homemade content of her "orally copulating" with her son and photos of the child naked with a foreign object inserted into his anus. Officers conducted a search of Appellant's home and devices and recovered multiple photos as well as multiple sex toys, including one that was seen being used in the abuse of Appellant's son in recovered photos. In addition, Interpol became involved in Appellant's case based on international communications with the purpose of using Appellant's son for abuse.

{¶14} The trial court determined that Appellant had entered her plea knowingly, intelligently, and voluntarily and found Appellant guilty. The trial court ordered a presentence investigation (PSI) report be completed and set the matter for sentencing. The PSI stated that Appellant had been sexually abused as a child by her birth parents before being adopted at the age of two. After this, Appellant's biological sister continued to sexually abuse her during her early childhood.

{¶15} The trial court held a sentencing hearing on December 16, 2024. Appellant's trial counsel acknowledged that the stipulated plea was for life without the possibility of parole but asked the trial court to consider a prison sentence with the possibility of parole.

Relying on the PSI, counsel said that while Appellant's conduct was "very severe," the situation Appellant

> has led in her life has also been extremely severe. From the situations that happened before she could defend herself, to the toll that has taken on her life and has continued throughout her entire life here, is just something that none of us can imagine. And reading some of the information that has happened, it's just -- it pauses. It makes you pause and consider the life that she had led to what had led up to this -- to us being today here for sentencing.

{¶16} Appellant made a statement acknowledging her wrongdoing. The State asked the trial court to adopt the stipulated plea agreement noting that the case was "one of the worst cases in all my years that I have ever seen, just because it was documented."

{¶17} The trial court followed the stipulated plea agreement and imposed concurrent life sentences without the possibility of parole on each of the three counts.

{¶18} Appellant timely appealed raising two assignments of error.

**Assignments of Error and Analysis**

{¶19} Appellant's first assignment of error states: "APPELLANT'S COUNSEL WAS INEFFECTIVE."

{¶20} Appellant argues that she was denied effective assistance of counsel because her trial counsel failed "to secure a resolution that offered any benefit to her." Appellant argues that there is no functional difference between consecutive and concurrent life sentences without the possibility of parole. Because of this, securing three concurrent life sentences without the possibility of parole rather than three consecutive life sentences was of no benefit to her. Further, none of the counts against her were dismissed or reduced. Therefore, because Appellant pled no contest to each of the charges against her without amendment and because the parties jointly recommended a

Case No. 2024-A-0107

maximum sentence of life imprisonment without the possibility of parole, her counsel failed to secure any benefit to her. Appellant also states that she was unable to identify "any non-capital cases in Ohio in which an appellant agreed to recommend a sentence of life in prison without the possibility of parole."

{¶21} In response, the State concedes that it was also unable to identify "any non-murder cases in which an appellant agreed to a recommended sentence of life without parole." However, the State argues that the circumstances of this case were "uniquely horrific," which justified the "unusually harsh sentence." The State further argues that the plea of no contest itself conferred some benefit on Appellant because the plea cannot be used against her in any subsequent proceedings. Further, the State offers that trial counsel did not prejudice Appellant by agreeing to plead to life without the possibility of parole as this was likely the best outcome achievable given the circumstances. The State also notes that Appellant does not challenge the fact that she entered her plea knowingly, intelligently, and voluntarily. At the plea hearing, Appellant stated that she was satisfied with her attorney and understood the terms of the plea bargain she was entering.

{¶22} In reviewing an ineffective assistance of counsel claim, the standard we apply is "'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *State v. Story*, 2007-Ohio-4959, ¶ 49 (11th Dist.), quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An appellant must demonstrate (1) counsel was deficient in some aspect of representation, and (2) there is a reasonable probability, were it not for counsel's errors, the result of the proceedings would have been different. *Strickland* at 687, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Case No. 2024-A-0107

*Id.* at 694. A failure to "satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 2000-Ohio-448, ¶ 49.

{¶23} An appellant "'must show that the attorney made errors so serious that he or she was not functioning as "counsel" as guaranteed by the Sixth Amendment, and . . . that he or she was prejudiced by the deficient performance.'" *Story* at ¶ 49, quoting *State v. Batich*, 2007-Ohio-2305, ¶ 42 (11th Dist.). Ohio courts presume that every properly licensed attorney is competent, and therefore a defendant bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100 (1985). "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989). "Debatable trial tactics generally do not constitute a deprivation of effective counsel." *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995). "'Failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial.'" *State v. Henderson*, 2007-Ohio-2372, ¶ 42 (8th Dist.), quoting *State v. Shannon*, 1982 WL 5057, *2 (9th Dist. June 16, 1982).

{¶24} Where the trial court adopts an agreed upon sentence, R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." However, an appellant may still assert constitutional challenges, including a challenge that Appellant was not afforded effective assistance of counsel as guaranteed by the Sixth

Amendment. *See State v. Shead*, 2023-Ohio-3838, ¶ 8 (11th Dist.); *State v. Tisdale*, 2008-Ohio-5452, ¶ 13 (11th Dist.).

{¶25} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id.*; *State v. Dangler*, 2020-Ohio-2765, ¶ 10.

{¶26} "In the context of a guilty plea, the defendant must demonstrate that there is a reasonable probability that, but for his [or her] counsel's error, he [or she] would not have pleaded guilty and would have insisted on going to trial." *State v. Gotel*, 2007-Ohio-888, ¶ 10 (11th Dist.). "[D]efense counsel's advisement whether to enter a plea is a matter of strategy, which is not second-guessed by the courts." *State v. Brown*, 2023-Ohio-2540, ¶ 13 (11th Dist.).

{¶27} As entering a plea is a matter of strategy, there are many reasons why a defendant might rely on the counsel of an attorney and enter a guilty or no contest plea that go beyond a reduction in a charge or a favorable sentencing recommendation from the State. For example, "a defendant may want to take responsibility for his [or her] crime, a defendant may wish to avoid the attention of a public trial or a defendant may simply want the case to be over and spare himself [or herself] (and perhaps also his [or her] family) the time and stress of going through a trial." *State v. Musleh*, 2017-Ohio-8166, ¶ 29 (8th Dist.). Thus, the plea itself, by avoiding a trial, can confer a benefit upon a defendant. *Id.*

{¶28} In addition, the plea of no contest itself can be considered a beneficial resolution to a case. Because the plea of no contest cannot be used against a defendant in any future proceedings, it, too, constitutes an "additional benefit" that can "serve only as further inducement to enter the plea." *State v. Lett*, 2010-Ohio-4188, ¶ 24 (7th Dist.).

{¶29} The record demonstrates Appellant's trial counsel actively engaged in her case. Trial counsel filed a request for discovery on August 14, 2024, a motion to determine competence to stand trial on September 13, 2024, a motion to compel discovery on October 2, 2024, and a plea of not guilty by reason of insanity on October 18, 2024. Of course, these activities listed in the record do not, of themselves, establish effective assistance of counsel. Nor do they preclude ineffective assistance of counsel.

{¶30} Next, Appellant's plea was entered knowingly, intelligently, and voluntarily. Appellant did not seek to withdraw her plea in the intervening time between her plea hearing and sentencing hearing. This fact alone undercuts her ability to demonstrate that but for the trial counsel's error, she would not have pled no contest and instead insisted on going to trial.

{¶31} The benefit Appellant received from her plea was indeed slight, but because Appellant entered her plea knowingly, intelligently, and voluntarily, we cannot say that the plea itself was improper. The only issue we can review is whether trial counsel was ineffective for advising Appellant to enter the plea that she did. The Appellant bears the burden of proof on her claim of ineffective assistance. However, the record does not support our second-guessing trial counsel here. The record does not contain detailed information about why Appellant entered her plea or what trial counsel advised her to do.

Case No. 2024-A-0107

That lack of information and our presumption that counsel acted competently informs our result.

{¶32}  It is unusual to see a criminal defendant plead no contest and enter a jointly recommended sentence of life imprisonment without the possibility of parole. However, the charges in this case, and the factual circumstances surrounding them, are equally shocking. As this was a plea, the record does not contain the actual evidence against Appellant. Instead, the record contains a recitation of facts and other references to the nature of the crimes committed in appellant's PSI. However, had this case gone to trial, the State would certainly have introduced the physical media as evidence supporting the charges against Appellant. The record indicates that physical media would have included Appellant "orally copulating" with her four-year-old son, as well as other graphic material.

{¶33}  As noted above, the plea of no contest itself and its offer to spare Appellant, and her family, from the stress of trial must be a factor in considering what, if any, benefit Appellant received through her plea. *See Musleh*, 2017-Ohio-8166, at ¶ 29 (8th Dist.). Given the circumstances surrounding this case, we cannot say that Appellant received no benefit from entering her no contest plea and that counsel fell below an objective standard of reasonable representation by advising Appellant to enter her no contest plea.

{¶34}  Accordingly, Appellant's first assignment of error is without merit.

{¶35}  Appellant's second assignment of error states: "THE TRIAL COURT ERRED BY FINDING APPELLANT TO BE A SEXUALLY VIOLENT PREDATOR."

{¶36}  In her second assignment of error, Appellant argues that the trial court erred by finding her to be a sexually violent predator because she does not satisfy the factors in R.C. 2971.01(H)(2)(a)-(f).

Case No. 2024-A-0107

{¶37} R.C. 2971.01(H)(1) defines a "sexually violent predator" as a person who "commits a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." R.C. 2971.01(H)(2)(a)-(f) sets forth the factors that may be considered as evidence indicting a likelihood that a person will engage in one or more sexually violent offenses in the future:

> (a) The person has been convicted two or more times, in separate criminal actions, of a sexually oriented offense or a child-victim oriented offense. For purposes of this division, convictions that result from or are connected with the same act or result from offenses committed at the same time are one conviction, and a conviction set aside pursuant to law is not a conviction.

> (b) The person has a documented history from childhood, into the juvenile developmental years, that exhibits sexually deviant behavior.

> (c) Available information or evidence suggests that the person chronically commits offenses with a sexual motivation.

> (d) The person has committed one or more offenses in which the person has tortured or engaged in ritualistic acts with one or more victims.

> (e) The person has committed one or more offenses in which one or more victims were physically harmed to the degree that the particular victim's life was in jeopardy.

> (f) Any other relevant evidence.

{¶38} R.C. 2971.01(H) allows an offender to be classified and sentenced as a sexually violent predator when convicted on a count that contains a specification contained in the indictment. *State v. Stacy*, 2024-Ohio-4539, ¶ 96 (11th Dist.).

{¶39} First, Appellant pled no contest to three charges of Rape, of which each plea contained a sexually violent predator specification. The trial court adopted the agreed upon sentence. Appellant's second assignment of error relates to the statutory interpretation of R.C. 2971.01 and does not raise any independent constitutional claims. Therefore, R.C. 2953.08(D)(1) precludes our review of this issue. *Shead*, 2023-Ohio-

Case No. 2024-A-0107

3838, at ¶ 8 (11th Dist.). Appellant pled no contest to the charges as indicted, including the sexually violent predator specifications contained in the indictment. The trial court convicted her on those charges and did not need to make specific findings under R.C. 2971.01(H)(2)(a)-(f).

{¶40} Accordingly, Appellant's second assignment of error is without merit.

{¶41} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-A-0107

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

JUDGE JOHN J. EKLUND

JUDGE MATT LYNCH,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-A-0107